UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

GLENDA F. CAPLE, FARIQ ALLAH, and GOREG
TEHUTI ATUM,

**MEMORANDUM & ORDER**

Plaintiffs,

**11-CV-3268 (NGG) (RER)**

-against-

PARMAN MORTGAGE ASSOCIATES L.P.,
MICHAEL J. KANE, CHASE HOME FINANCE
LLC, CHIEF EXECUTIVE OFFICER (JAMIE
DIMON), PRESIDENT APRIL WILLIAMS and
CHIEF OPERATING OFFICER, or ASSIGNEE
VICE PRESIDENT, and JP MORGAN CHASE
BANK,

Defendants.

-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Before the court are objections submitted by pro se Plaintiffs Glenda F. Caple, Fariq Allah, and Goreg Tehuti Atum to Magistrate Judge Ramon E. Reyes's Report and Recommendation ("R&R"). Judge Reyes concluded that the motion to dismiss the Amended Complaint by Defendants Jamie Dimon, April Williams, and JP Morgan Chase Bank ("Chase" and, collectively, the "Chase Defendants") should be granted and that Plaintiffs' motion for default judgment against Parmann Mortgage Associates L.P. ("Parmann") should be denied.[1] For the following reasons, the court ADOPTS Judge Reyes's report and recommendation in its entirety. The Chase Defendants' motion to dismiss the Amended Complaint is GRANTED and Plaintiffs' motion for a default judgment as to Parmann is DENIED. The Amended Complaint is DISMISSED against

---

[1] Plaintiffs incorrectly identified JP Morgan Bank Chase Bank N.A. as JP Morgan Chase Bank and Parmann Mortgage Associates L.P. as Parman Mortgage Associates L.P.

1

the Chase Defendants with prejudice. The Amended Complaint is DISMISSED against the remaining Defendants without prejudice for failure to serve. See Fed. R. Civ. P. 4(m).

I. **BACKGROUND**

Plaintiffs Glenda F. Caple and her two sons, Fariq Allah and Goreg Tehuti Atum, allege multiple violations of statutory and common law stemming from a mortgage agreement between Caple and Parmann. Plaintiffs bring claims under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983 ("Section 1983"); the Real Estate Settlement Procedures Act of 1974, as amended, 12 U.S.C. § 2601 et seq. ("RESPA"); fictitious obligations, 18 U.S.C. § 514; the National Bank Act, as amended, codified in various sections of Titles 12, 19, and 31 of the United States Code; various common law causes of action, including fraud and the "statute of frauds"; and statutes cited as "13 Stat 108, Section 28" and "13 Stat 110, Section 37."

A. **Procedural History**

Plaintiffs filed this suit on July 7, 2011. (Compl. (Docket Entry #1).) After moving for a default judgment as to Parmann on November 2, 2011 (Docket Entry # 9), Plaintiffs filed an Amended Complaint on November 28, 2011, which added Chase to the caption and removed Parmann, Kane, and Chase Home Finance LLC (Am. Compl. (Docket Entry # 13)). On February 24, 2012, the Chase Defendants moved to dismiss the Amended Complaint.[2] (Docket Entry # 15.) The court referred this motion to Magistrate Judge Marilyn D. Go for a Report and Recommendation ("R&R") (Nov. 9, 2011, Minute Entry); the motion was reassigned to Magistrate Judge Ramon E. Reyes on February 29, 2012 (Docket Entry # 17). On April 17, 2012, Plaintiffs renewed their motion for default judgment against Parmann, reinserting Parmann and

---

[2] This motion to dismiss was reinstated on March 16, 2012, after the court amended the original briefing schedule to allow Plaintiffs additional time to respond. (See Docket Entries ## 18, 22.)

2

Kane in the caption. (Docket Entry # 27.) The court referred this motion as well to Judge Reyes for an R&R on April 30, 2012.³ (Docket Entry # 28.) On September 7, 2012, Judge Reyes issued his R&R, recommending that the court both grant the Chase Defendants' motion to dismiss and deny Plaintiffs' motion for default judgment as to Parmann. (R&R (Docket Entry # 29).) Plaintiffs timely objected. (Pl. Obj. (Docket Entry # 30).)

### B. Alleged Facts

Although Plaintiffs' allegations and arguments are confusing and disjointed, the apparent crux of their allegations is that Chase does not lawfully own Caple's promissory note or mortgage interest, freeing from her any obligation to pay. Throughout their Amended Complaint, Plaintiffs posit several theories of liability, including that Chase receives impermissible kickbacks from Plaintiffs' monthly mortgage payments (Am. Compl. ¶¶ 2-3); that there was no valid assignment of the mortgage from Parmann to Chase (id. ¶¶ 7, 11-12); that Chase materially altered the note by stamping it "Pay to the Order of Without Recourse Chase Manhattan Mortgage Corporation By April Williams" (id. ¶ 22, Ex. A); and that Parmann committed fraud by altering the promissory note without Caple's consent (Aff. of Fact in Supp. of Am. Compl. ("Caple Aff.") ¶¶ 4-5, 8).

What is clear, however, is that Caple executed and delivered a fixed rate note for $129,653.00 and a mortgage as collateral security to Parmann for the premises located at 104-12 197th Street, Hollis, New York 11412.⁴ (Aff. in Supp. of Defs.' Mot. to Dismiss, Thomas E.

---

³ Plaintiffs object to the role of a magistrate judge and note that their consent was not obtained. (Pl. Obj. (Docket Entry # 30) at 11-12.) Plaintiffs are directed to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1), which permit the court to refer dispositive motions for an R&R to a magistrate judge without the consent of the parties.

⁴ As the note and mortgage are integral to the Amended Complaint, the court may consider them on this motion. See Bldg. Indus. Elec. Contractors Ass'n v. City of New York, 678 F.3d 184, 187 (2d Cir. 2012).

3

Reardon ("Reardon Aff.") ¶ 6, Exs. A-B.) The note was dated February 2, 1999; the mortgage was dated February 3, 1999, and was recorded by Parmann on March 21, 1999, in the Office of the City Register of the City of New York, County of Queens, Reel 5169, Page 1986. (Id. ¶¶ 7-8, Exs. A-B.) Parmann assigned the mortgage to Chase Manhattan Mortgage Corporation[5] by unrecorded assignment dated February 3, 1999. (Id. at Ex. C.)

## II. STANDARD OF REVIEW

The standard of review of a magistrate judge's report and recommendation depends upon the parties' objections. The court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05-CV-5579 (DLC), 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C). Those portions of the R&R to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

When considering a motion to dismiss for failure to state a claim for which relief can be granted, a court should assume all the facts the plaintiff alleges to be true and construe the complaint in the light most favorable to the plaintiff. See In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Pro se litigants' allegations are construed liberally. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). However, a claim must be more than a mere recitation of the elements of a cause of action or series of legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). The complaint instead must provide enough factual content

---

[5] Chase acquired Chase Manhattan Mortgage Corporation through a series of mergers. (Reardon Aff. ¶¶ 12-13, Exs. D-E.)

4

that, when taken as true, would allow a court to draw a "reasonable inference" that the plaintiff is entitled to relief. Id. at 678. This means that a claim for relief must be plausible; it must raise more than "the mere possibility of misconduct" by a defendant. Id. at 678-79.

III. DISCUSSION

Construing their objections liberally, Plaintiffs dispute at least nine of Judge Reyes's recommendations, arguing: (1) Judge Reyes misapplied Bell Atlantic v. Twombly, 550 U.S. 544 (2007) (Pl. Obj. at 4-6)[6]; (2) Allah and Atum have standing because they are the heirs to Caple's estate (id. at 6); (3) Judge Reyes improperly failed to consider an affidavit put forth by Plaintiffs' "expert"; (4) defendants are "state actors" for purposes of their Section 1983 claim (id. at 1-2); (5) the National Bank Act provides Plaintiffs with a private right of action, portions of which are alleged to have been violated (id. at 2-4); (6) Plaintiffs' RESPA claim is adequately pled and not time-barred (id. at 7); (7) Chase is not a holder in due course of a negotiable instrument because of the "securitization process"[7]; (8) Plaintiffs have claims under the Federal Debt Collection Practices Act, as amended, 15 U.S.C. § 1692 et seq. ("FDCPA") (id. at 10); and (9) default should be entered against Parmann (id. at 10-11). The court considers each of Plaintiffs' objections de novo and in turn. The court has reviewed the remainder of Judge Reyes's recommendations (to which Plaintiffs do not object) for clear error, see Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008), and finding none, adopts these findings.

---

[6] As Plaintiffs' submissions are not numbered, pages numbers cited in this Order correspond to those on ECF.

[7] Plaintiffs separately claim that their "State Law claims made in respect to New York Statutes UCC3305" were improperly rejected and that the assignment from Parmann to Chase was ultra vires and thus invalid. (Pl. Obj. at 10-11.) These arguments are best understood as part of their objection to Judge Reyes's determination that Chase is a holder in due course.

5

## A. Pleading Standard

Plaintiffs make much of the pleading standard required by Federal Rules of Civil Procedure 8(a) and 12(b)(6). Plaintiffs contend that, contrary to Judge Reyes's R&R, the Supreme Court's decision in Twombly did not "adopt a fact-pleading standard to supplant the notice-pleading standard that has long applied in federal court." (Pl. Obj. at 5 (quoting Mull v. Abbott Labs., 563 F. Supp. 2d 925, 930 (N.D. Ill. 2008)).) They "believe[] Magistrate Reyes is adding confusion by quoting and citing" Twombly. (Id.)

Plaintiffs' objection proves both too much and too little. Judge Reyes's R&R identified grounds for dismissal for each of Plaintiffs' claims independent of any pleading deficiencies. (See R&R at I(B)(1); I(B)(2); I(B)(3)(a), (c); I(B)(4)(a).) Regardless, Judge Reyes appropriately explained and applied the standard governing motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which is surely governed by Twombly. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). As the R&R recognized, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Plaintiffs' objections to Judge Reyes's standard of review and their effect on the dismissal of Plaintiffs' claims are rejected.

## B. Allah's and Atum's Standing

Plaintiffs take issue with Judge Reyes's recommendation to dismiss all claims brought by Allah and Atum for lack of standing. Plaintiffs contend that because Allah and Atum "are heirs to Caple's estate," and that Caple "appointed Allah and Atum [b]eneficiaries of her estate," they have standing to pursue all claims. (Pl. Obj. at 6.)

The test for constitutional standing requires a plaintiff to show: (1) an injury-in-fact, that is, an actual or imminent, and concrete and particularized, invasion of some legally protect interest of

the plaintiff's; (2) a fairly traceable causal connection between the actions of the defendant and the injury-in-fact; and (3) a likelihood that a favorable decision will redress plaintiff's complained-of injury. See Lujan v. Defenders of Wildlife, 505 U.S. 555, 560-561 (1992).

Allah's and Atum's status as heirs to Caple's estate and residents of her home do not confer standing. Plaintiffs concede that Allah and Atum are not parties to or intended beneficiaries of the note. (See Pl. Obj. at 6.) As Judge Reyes correctly noted, "any injury to Allah's and Atum's future rights is not sufficiently immediate and is too attenuated to constitute an injury in fact under constitutional standing principles." (R&R at 10.) A myriad of possibilities could interfere with Allah's and Atum's ability to obtain an interest in Caple's home. For instance, Caple could sell the home before she passes away; Allah and/or Atum could pass away before Caple; or Caple could remove Allah and Atum from her will. (Cf. R&R at 10-11 (listing similar possible intervening events).) There is also no indication that the property is near foreclosure. (See Reardon Aff. ¶ 17.) Allah and Atum therefore cannot proceed as intended beneficiaries to Caple's estate. Cf. In re Krolick, 808 N.Y.S. 2d 918, 918 (N.Y. Sur. Ct. 2005) ("As a rule, title to real property vests in the distributee at the moment of the decedent's death . . . ."); Irving Trust Co. v. Day, 314 U.S. 556, 562 (1942) ("Expectations or hopes of succession, whether testate or intestate, to the property of a living person, do not vest until the death of that person.").

    **C.**    **Consideration of the Raja Affidavit**

Plaintiffs also object to Judge Reyes's decision to ignore the affidavit submitted in support of Plaintiffs' opposition to the Chase Defendants' motion to dismiss. (See Aff. of Muhammad Nawaz Raja in Supp. of Pl. Opp'n to Def. Mot. to Dismiss ("Raja Affidavit") (Docket Entry # 20).) Judge Reyes concluded that this affidavit did not contain any admissible evidentiary support for Raja's belief that the note lost its status as a negotiable instrument because of a "securitization

7

process." (R&R at 17 n.15.) Plaintiffs claim that this affidavit "show[s] how the whole Mortgage transaction [b]etween Glenda Caple and Parman Mortgage was nothing more than an a [sic] disguised investment contract." (Pl. Obj. at 6.)

The court agrees with Judge Reyes that the Raja Affidavit should not be considered in the instant analysis. "[A] complaint cannot be modified by a party's affidavit or by papers filed in response to a dispositive motion to dismiss . . . ." Brownstone Inv. Grp., LLC v. Levey, 468 F. Supp. 2d 654, 660 (S.D.N.Y. 2007) (citation omitted). The Raja Affidavit puts forth evidence beyond the scope of the Amended Complaint in an effort to defeat the Chase Defendants' motion. While pro se litigants' papers are afforded liberal construction, they still must abide by applicable procedural rules. Accordingly, Judge Reyes's decision to ignore the Raja Affidavit is adopted.

### D. Section 1983 Claims

Plaintiffs object to Judge Reyes's recommendation that the Chase Defendants are not state actors and therefore are not subject to Section 1983 suits. (R&R at 11-12.) They allege that Defendants are "governed by state law," that the State of New York "receives a financial interest from the filing specifically of [Plaintiffs'] mortgage and [that] state laws allow for the whole transaction to occur without which there would [not] be any mortgage to discuss." (Pl. Obj. at 2.) This, according to Plaintiffs, creates "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." (Id. (quoting Abdullahi v. Pfizer, Inc., 562 F.3d 163, 188 (2d Cir. 2009) (citation and internal quotation marks omitted)).)

Despite Plaintiffs' legal conclusions the contrary, "[t]he mere existence of state law governing defendants' conduct does not . . . make such conduct state action." Davis v. Countrywide Home Loans, No. 09-CV-8606 (RJS) (HBP), 2010 WL 3219306, at *7 (S.D.N.Y.

8

July 23, 2010) (citing Cranzley v. Nat'l Life Ins. Co. of Vt., 318 F.3d 105, 112 (2d Cir. 2003)), adopted by 2010 WL 3219304 (S.D.N.Y. Aug. 13, 2010); see also San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 543-44 (1987) ("A finding of state action may not be premised solely on the private entity's creating, funding, licensing, or regulation by the government."). That the State of New York "receive[d] a financial interest from the filing . . . of [Plaintiffs'] mortgage and [that] state laws allow for the whole transaction to occur" (Pl. Obj. at 2) does not alter the fact that the Chase Defendants are entirely private actors. Plaintiffs' objection is therefore overruled and their Section 1983 claims are dismissed.

### E. National Bank Act Claims

Plaintiffs argue that contrary to Judge Reyes's conclusion, the National Bank Act "is very clear in regards to the private right of action against banks." (Pl. Obj. at 2-4.) As Judge Reyes recognized, however, there is no right of action under the provisions identified in the Amended Complaint. (See id. at 18-25.) Sections 28 and 37 of the National Bank Act "do not prescribe a penalty for noncompliance[, and therefore] may be enforced only by the government." Davis, 2010 WL 3219306, at *8 (citing Thompson v. St. Nicholas Nat'l Bank, 146 U.S. 240, 251 (1892)). Private parties like Plaintiffs therefore cannot bring suit under these provisions.[8]

### F. RESPA Claim

According to Plaintiffs, Judge Reyes erroneously recommended dismissal of their RESPA claims on pleading and statute of limitations grounds. In their objections, Plaintiffs again state that the "defendants had been receiving kickbacks for a period of ten years," and that the "statute

---

[8] As Judge Reyes noted, although private rights of action against a bank's directors or officers do exist under sections 93 and 503 of the National Bank Act, Plaintiffs do not assert any such claim in their Amended Complaint. (Cf. Am. Compl. ¶¶ 18-21).) Even assuming that citations to sections 93 and 503 in Plaintiffs' objections (see Pl. Obj. at 3) should be considered, Plaintiffs have not alleged any facts sufficient to support a National Bank Act claim against Dimon or Williams. Legal conclusions do not suffice even for pro se litigants. See Iqbal, 556 U.S. at 678.

9

of limitation tolls for fraudulent concealment of Material facts (Non disclosures) [sic]." (Pl. Obj. at 7.) They also contend that "Plaintiff did allege that their mortgage loan is federally related, thus a showing that they had standing to assert their Claims or RESPA claim and their complaint." (Id.)

To allege a RESPA claim, a party must identify "(1) a payment or thing of value; (2) given and received pursuant to an agreement to refer settlement business; and (3) an actual referral." Galiano v. Fidelity Nat'l. Title Ins. Co., 684 F.3d 309, 314 (2d Cir. 2012). Plaintiffs, however, do nothing more than state: "JP MORGAN CHASE BANK Specifically have been receiving kickbacks through monthly payments over a period of 10 years." (Am. Compl. ¶ 2.) The Amended Complaint "fail[s] to allege any specifics as to the date, time, or amount of the alleged [RESPA] violations." Galiano, 684 F.3d at 315. "Without facts as to the alleged kickbacks, referral agreements, or referrals . . . plaintiffs are engaging in mere conjecture; this speculation is insufficient to state a plausible claim." Id.; see also Gorbaty v. Wells Fargo Bank, N.A., No. 10–CV–3291 (NGG) (SMG), 2012 WL 1372260, at *7 (E.D.N.Y. Apr. 18, 2012) (dismissing pro se plaintiff's RESPA claim where the plaintiff only alleged that broker commissions constituted "unlawful and unearned fee splitting and kickback[s]" (alteration in original)). Judge Reyes's recommendation to dismiss Plaintiffs' RESPA claims is therefore adopted.[9]

### G. Chase's Status as a Holder in Due Course

Plaintiffs contend that Judge Reyes misapplied New York's Uniform Commercial Code ("UCC") in concluding that Chase is a valid holder of the note in due course. (Pl. Obj. at 7-9.) Specifically, Plaintiffs contend that the note "lost its negotiability in the securitization Process"

---

[9] Plaintiffs did not object to Judge Reyes's recommendation to dismiss any RESPA claims based on qualified written requests that may have been alleged. (See R&R at 14-15.) Reviewing for clear error, the court adopts this finding as well.

and that Judge Reyes should have applied Article 8 of the UCC, which governs investment securities, not Article 9. (Id. at 9-10.)

The court adopts Judge Reyes's recommendation in full. Chase qualifies as a holder in due course of the note. As Judge Reyes explained, Chase satisfies all the requirements of the UCC. (See R&R at 17 (citing A.I. Trade Fin., Inc. v. Laminaciones de Lesaca, S.A., 41 F.3d 830, 835 (2d Cir. 1994)).) The note (1) is signed by the maker; (2) contains an unconditional promise to pay a sum certain; (3) is payable on demand at a definite time; and (4) is payable to the payee's order. (See Reardon Aff., Ex. A.) Simply put, neither the Plaintiffs' Amended Complaint nor their objections plausibly explains why Chase does not validly own Caple's note and mortgage interest.[10]

### H. FDCPA Claims

Plaintiffs next claim that Chase is "still engaged in collection efforts" in violation of the FDCPA. (Pl. Obj. at 10.) Plaintiffs briefly mention "Title 15 of the United States Code in regards to unlawful Debt Collection Practices" in their summary of the issues. (Am. Compl. at 3.) But mere "labels and conclusions" are not sufficient to make out a cause of action. Even construing the Amended Complaint liberally, Plaintiffs do not allege any facts that might give rise to a FDCPA claim. While the Chase Defendants did not directly address this allegation in their motion to dismiss, the court accepts Judge Reyes's recommendation and dismisses any such claim sua sponte. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[W]e hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee . . . .").

---

[10] Even assuming that there was a "securitization process," Plaintiffs do not indicate why the ultimate owners of the notes would not be holders in due course.

## I. Plaintiffs' Motion for Default Judgment Against Parmann

Plaintiffs contend that Parmann "failed to answer both of plaintiff's Complaints and default must be entered against them [sic]." (Pl. Obj. at 11.) But as Judge Reyes noted, there is no evidence that Plaintiffs served the Amended Complaint on Parmann. (See R&R at 21; Apr. 24, 2012, Docket Entry.) While Plaintiffs did serve the original complaint on Parmann via the New York Secretary of State (Docket Entry # 7), filing the Amended Complaint rendered any pending request for default moot. See Dluhos v. Floating & Abandoned Vessel, 162 F.3d 63, 68 (2d Cir. 1998). Regardless, "[a] default judgment is inappropriate where a plaintiff has failed to state a cause of action against the allegedly defaulting defendant, regardless of whether the defendant filed a prompt response, or any response at all." Young-Flynn v. Wright, No. 05-CV-1488 (LAK), 2007 WL 241332, at *24 (S.D.N.Y. Jan. 26, 2007). For the reasons stated above, Plaintiffs have failed to state a cause of action against any of the Defendants.

### J. Leave to Amend

After the court heard Plaintiffs at a pre-motion conference on November 19, 2011, it granted Plaintiffs the opportunity to replead their complaint and clarify their claims. (Nov. 9, 2011, Minute Entry.) Unfortunately, Plaintiffs have not elucidated their arguments, and there is no legal merit to Plaintiffs' claims; any further amendment would therefore be futile. Accordingly, Plaintiffs are denied leave to replead. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile.").

## IV. CONCLUSION

Judge Reyes's R&R is ADOPTED in its entirety. The Chase Defendants' motion to dismiss the Amended Complaint is GRANTED and Plaintiffs' motion for a default judgment as to

Parmann is DENIED. The Amended Complaint is DISMISSED against the Chase Defendants with prejudice. The Amended Complaint is DISMISSED against the remaining Defendants without prejudice for failure to serve. See Fed. R. Civ. P. 4(m). The Clerk of the Court is respectfully directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2012

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge